RECEIVED
IN LAKE CHARLES, LA.
SEP 16 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TAMMY GATTE, ET AL | * | CIVIL ACTION NO. 2:11-CV-2083-PM-KK (LEAD), 2:12-CV-0991-PM-KK (MEMBER) |
| VS. | * | |
| READY 4 A CHANGE, L.L.C., ET AL. | * | JUDGE MINALDI |
| | * | MAGISTRATE JUDGE KAY |

************************************************************************

## MEMORANDUM RULING

Before the Court is a Motion to Alter or Amend Judgment [doc. 45], filed by the plaintiffs, Colby and Tammy Gatte. The defendants, Clinica Victoria de Cancun S.A. de C.V. (Clinica Victoria), Dr. Ezequiel Gamez Hinojosa and Maria Guillermina Gamez (collectively, Clinica defendants) and Ready 4 A Change, L.L.C. (R4C), and Judy Dohm (collectively, R4C defendants), filed oppositions [Docs. 46, 47]. For the following reasons, the plaintiffs' Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

As the undersigned summarized the relevant facts in this court's prior Memorandum Ruling [Doc. 43] on the defendants' Motions to Dismiss, the facts will not be re-stated in full in this opinion. Essentially, this is a wrongful death action arising from alleged negligence on the part of several medical practitioners who performed reconstructive surgery on the deceased, Mr. Gatte, in Mexico.[1] Mr. Gatte was paired with the Mexican clinic and physicians by a "medical tourism" service, Ready 4 A Change, L.L.C., a Minnesota-based company.[2] Mr. Gatte originally

---

[1] Pl.'s Compl., [Doc. 1-5], at ¶ 3.
[2] Pl.'s Compl., [Doc. 1-5], at ¶ 5.

1

found R4C through its website, and had successfully used the service on one prior occasion to schedule a prior weight loss surgery at Clinica Victoria in Cancun, Mexico.[3]

In 2011, Mr. Gatte employed R4C to schedule a post-weight loss contouring and body sculpting surgery, again at Clinica Victoria.[4] This second surgery resulted in Mr. Gatte's death, allegedly due to the negligence of the Clinica Victoria physicians.[5] Mr. Gatte's wife and son, Tammy and Colby, respectively, filed suit for wrongful death and personal injury against R4C, Judy Dohm, Clinica Victoria, Dr. Gamez and Ms. Gamez as owners/directors of Clinica Victoria, Dr. Rafael Velasco and Dr. Hector Joaquin Corzo.[6]

The R4C defendants filed a Motion to Dismiss under Rule 12(b)(6) for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted.[7] The Clinica defendants also filed a Motion to Dismiss.[8] Both motions were granted by this court, and the case was dismissed for lack of personal jurisdiction.[9]

## STANDARD FOR ALTERING OR AMENDING JUDGMENT

A district court has considerable discretion to grant or deny a Rule 59(e) motion to alter or amend a judgment. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D. La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration of a judgment already rendered, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473,

---

[3] Mem. Ruling [Doc. 43], at 3.
[4] *Id.* at 4.
[5] Pl.'s Compl., [Doc. 1-5], at ¶ 21.
[6] Mem. Ruling [Doc. 43], at 4-5.
[7] Mot. to Dismiss [Doc. 22 in case no. 2:11-2083, Doc. 6 in case no. 2:12-0991].
[8] Mot. to Dismiss [Doc. 18 in case no. 2:12-0991].
[9] Mem. Ruling [Doc. 43], at 27.

479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## LAW & ANALYSIS

In its prior Memorandum Ruling, the court applied the "sliding scale" test set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), as elaborated upon in the Fifth Circuit's decision in *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999), in finding that the R4C website did not support a finding of specific jurisdiction over the R4C defendants.[10] The plaintiffs now assert that the court has imposed a higher burden upon them than that required under the law in requiring the plaintiffs to establish "both sufficient contacts under *Zippo* and additional minimum contacts under a traditional test."[11]

In order for a court to exercise personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires both that a defendant purposefully avail himself of the benefits of a forum state by establishing minimum contacts with said state, as well as a showing that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Mink*, 190 F.3d at 336. "The 'minimum contacts' aspect of the analysis can

---

[10] Mem. Ruling [Doc. 43], at 20-1.
[11] Pl.'s Mot. to Alter or Amend the J. and/or Mot. for a New Trial [Doc. 45], at 2.

3

be established through 'contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' personal jurisdiction.'" *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). When the suggested contacts are carried out over the internet, courts conducting the minimum contacts inquiry "look to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Id.* (citing *Zippo*, 952 F. Supp. at 1124). Thus, the essence of the *Zippo* test is to serve as an evaluative tool to assess whether or not minimum contacts have been met when the contact itself occurs in cyberspace. The "traditional contacts" language was simply employed by the court to describe the phone and email conversations between Mr. Gatte and the R4C defendants as the court evaluated each of the alleged contacts pointed to by the plaintiffs.[12] It is not, as the plaintiffs assert, an additional minimum contacts analysis which would make a finding of personal jurisdiction more burdensome in instances where a defendant's contacts are predicated on internet activities, nor has the court employed it as such.

The plaintiffs are mistaken in asserting that the court "acknowledges that Plaintiffs have demonstrated that the R4C website . . . supports a finding of specific jurisdiction under *Zippo*."[13] The title of section II of the court's opinion clearly states that "The Plaintiffs have *not* Made a Prima Facie Case for Specific Jurisdiction over the Defendants."[14] While the court did note that the "website's interactivity cuts in favor of finding specific jurisdiction,"[15] this is not an affirmative statement that specific jurisdiction exists over the defendants. Notably, the court went on to state that "the fact remains that the gravamen of the complaint concerns activities that happened in Mexico."[16]

---

[12] *Id.* at 23.
[13] Pl.'s Mot. to Alter or Amend the J. and/or Mot. for a New Trial [Doc. 45], at 2.
[14] Mem. Ruling [Doc. 43], at 19 (emphasis added).
[15] *Id.* at 22.
[16] *Id.* at 23.

"Specific jurisdiction exists when a defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink*, 190 F.3d at 336 (citing *Wilson*, 20 F.3d at 647). Here, the R4C defendants' contacts with the forum state stemmed exclusively from their efforts in connecting Mr. Gatte with his physicians in Mexico. As the cause of action asserted by the plaintiffs arises from the actions undertaken by Mr. Gatte's physicians in Mexico, and not from Mr. Gatte's use of the website or his communications with the R4C defendants in Minnesota, an assertion of specific jurisdiction over the R4C defendants is inappropriate.

The undersigned notes that, while several scholars have passed on the legal implications raised by the expanding incidence of so-called "medical tourism," few courts have had the opportunity to address the same. *See, e.g.*, Cary D. Steklof, *Medical Tourism and the Legal Impediments to Recovery in Cases of Medical Malpractice*, 9 Wash. U. Glob. Stud. L. Rev. 721 (2010) (discussing the difficulties of establishing personal jurisdiction over foreign doctors); I. Glenn Cohen, *Protecting Patients with Passports: Medical Tourism and the Patient-Protective Argument*, 95 Iowa L. Rev. 1467 (2010); Nathan Cortez, *Recalibrating the Legal Risks of Cross-Border Health Care*, 10 Yale J. Health Pol'y L. & Ethics 1 (2010). One troubling issue addressed by these scholars and others is whether a court can assert jurisdiction over a foreign physician simply because there is an American intermediary who connects the patient to the foreign doctor. However, as the court has already found in its original ruling on this matter,[17] and for the foregoing reasons, an exercise of jurisdiction over the R4C defendants under these circumstances would be improper. Thus, any attempt by the plaintiffs to impute a finding of personal jurisdiction over the R4C defendants to the Clinica defendants based on the nature of their relationship is of no moment.

---

[17] Mem. Ruling [Doc. 43], at 25-26.

## **JUDGMENT**

For the reasons already set forth by the court, the undersigned finds that there are insufficient contacts to establish specific jurisdiction. Plaintiffs set forth no previously unheard arguments grounded in law or fact which would cause this court to disturb its previous ruling in this matter. Accordingly,

IT IS ORDERED that the plaintiff's Motion to Alter or Amend the Judgment and/or Motion for New Trial [Doc. 45] is DENIED.

The court herein adopts in full the reasoning set forth in its prior Memorandum Ruling [Doc. 43].

Lake Charles, Louisiana, this 16 day of September, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE