RECEIVED
IN LAKE CHARLES, LA.
APR 10 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TAMMY GATTE, ET AL., | * | CIVIL ACTION NO. 2:11-cv-2083 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| READY FOR A CHANGE, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is Ready 4 A Change, LLC, ("R4C") and Judy Dohm's ("Dohm") Motion to Dismiss on Forum Non Conveniens Grounds and for Nonjoinder of Party under Rule 12(B)(7) [Doc. 59], to which the plaintiffs have filed no response. For the following reasons, Ready and Dohm's Motion [Doc. 59] be and hereby is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The instant case arises out of two nearly identical personal injury/wrongful death actions filed on November 4, 2011, and March 2, 2012 in the 14th Judicial District Court of Calcasieu Parish, against the defendants by the son and wife of the decedent, Phillip Gatte ("Gatte").[1] These two cases were subsequently removed to this court and then consolidated.[2]

Gatte, a Lake Charles resident, sought the help of R4C, a Minnesota-based company which specializes in connecting people who desire affordable weight-loss surgery with hospitals and doctors in Mexico who provide this surgery.[3] Gatte first interacted with two R4C co-owners, Dohm, a Minnesota resident, and Janet Smith, a Florida resident, in 2008 after coming

---

[1] See Pls.' Pet. for Damages [Doc. 1-5 in case no. 2:11-2083].
[2] [Doc. 32 in case no: 2:11-2083].
[3] Pls.' Pet. for Damages [Doc. 1-5 in case no. 2:11-2083] ¶ 5.

1

across their website.[4]  Through email correspondence and telephone calls, Dohm arranged for Gatte to go to Clinica Victoria in Cancun, Mexico, for weight-loss surgery.[5]

On October 25, 2011, Dr. Rafael Velasco Marin performed surgery in Cancun, Mexico.[6] After the surgery, Gatte began to experience difficulty breathing.[7] It was discovered after taking Gatte back to surgery that he had medical complications, including development of blood clots and an embolism.[8]  Gatte died as a result of those complications on October 26, 2011.[9] Allegedly, Gatte's complications and subsequent death were due to the negligence of the doctors at Clinica Victoria.[10]

Gatte's wife and son then filed suit against R4C, Dohm, Dr. Rafael Velasco Marin, Dr. Ezequiel Gamez Hinojosa, Dr. Hector Joaquin Perez Corzo, Guillermina Gamez, and Clinica Victoria Hospital.[11] The only defendants remaining in the action are Dohm and R4C.[12]

## LAW & ANALYSIS

A dismissal on the grounds of forum non conveniens is a determination that the merits of the case should be adjudicated elsewhere. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994); and *Chick Cam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988)). "This doctrine enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.* 235 F.3d 258, 268 (5th Cir. 2001).

---

[4] Pls.' Pet. for Damages [Doc. 1-5 in case no. 2:11-2083] ¶ 13.
[5] *Id.* ¶ 14, 19.
[6] *Id.* ¶ 20.
[7] *Id.* ¶ 21.
[8] *Id.*
[9] Pls.' Pet. for Damages [Doc. 1-5 in case no. 2:11-2083] ¶ 21.
[10] *Id.* ¶¶ 30-32.
[11] *Id.* ¶ 1. Dr. Rafael Velasco Marin, Dr. Ezequiel Gamez Hinojosa, Dr. Hector Joaquin Perez Coroze, Guillermina Gamez, and Clinica Victoria Hospital are all located in Mexico. *Id.*
[12] *See* USCA Judgment [Doc. 52], at 8.

The first step in deciding whether to dismiss on forum non conveniens grounds is to determine whether an alternate forum exists. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981). This requirement is ordinarily satisfied when the defendant is "amenable to process" in the other jurisdiction. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947)). Additionally, Mexico is presumed to be an available forum for tort suits in which the defendant has agreed to submit to the jurisdiction of Mexican courts. *In re Ford Motor Co.*, 591 F.3d 406, 412 (5th Cir. 2009) (collecting cases).

In the second step, the court considers the availability of an adequate remedy in the alternate forum. *Karim*, 265 F.3d at 269. In considering the availability of an adequate remedy, the court examines whether "certain private and public interest factors weigh in favor of dismissal." *Id.* (quoting *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001)). However, if the private factors weigh in favor of dismissal, no further inquiry need be made. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 (5th Cir. 1991) (citation omitted). Private interest factors include (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing, witnesses; (3) possibility of view of the premises; (4) and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at 269 n. 14 (citing *Gulf Oil*, 330 U.S. at 508). Public interest factors include (1) administrative difficulties, (2) reasonableness of imposing jury duty on people of the community, (3) holding the trial in the view of those affected, and (4) local interest in having localized controversies decided at home. *Id.* (citing *Gulf Oil*, 330 U.S. at 508-09).

An alternate forum exists in this case. The defendants, Dohm and R4C, have informed the court that they are willing to submit to jurisdiction in Mexico.[13] Because the defendants are amenable to suit in Mexico, the first step of the analysis—identifying an adequate alternative forum—is satisfied.

The court also finds that the private factors weigh in favor of dismissal. It would be easier to access sources of proof in Mexico. The plaintiffs allege that the cause of Gatte's death was substandard medical care in Mexico. Although Gatte was in Louisiana when he submitted his payment for the surgery, his surgery and resultant death occurred in Mexico. Neither Dohm nor R4C are domiciled in Louisiana. The hospital in which Gatte was treated, the owners of the hospital, and the doctors who performed the surgery are all in Mexico.

It would also be more practical and less expensive for witnesses in this case to testify at a trial in Mexico. There would be no compulsory process for obtaining the attendance in Louisiana of unwilling witnesses located in Mexico. *See DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 799 (5th Cir. 2007). Even if the witnesses located in Mexico were willing to testify in Louisiana, transportation of such witnesses would be expensive and time consuming. Furthermore, the number of witnesses in Mexico greatly outnumber the number of witnesses in Louisiana.

The third factor is the possibility of a view of the premises. The hospital where Gatte's death occurred is in Mexico. This factor can only weigh in favor of dismissal.

Finally, the court is to consider all other practical problems that make the trial of a case easy, expeditious, and inexpensive. It would be more expeditious to try the case before this court because the proceedings have been initiated and the parties have already been served. Refiling the case in a Mexican court necessarily involves some degree of delay. The plaintiffs have an

---

[13] *See* Decl. of Judy Dohm [Doc. 59-2].

interest in having the case heard in Louisiana, but they have not submitted evidence as to whether trial here would be more practical than trial in Mexico.

The private interest factors in this matter favor dismissal, so the suit can be refiled in a Mexican court. Therefore, no inquiry into the public interest factors is necessary.

Lake Charles, Louisiana, this 25 day of March, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5