RECEIVED
IN LAKE CHARLES, LA.

AUG -3 2015

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TAMMY GATTE, ET AL., | * | CIVIL ACTION NO. 2:11-cv-2083 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| READY FOR A CHANGE, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM ORDER

Before the court is the plaintiffs' Motion to Alter or Amend the Judgment And/Or Motion for New Trial [Doc. 65] to which the defendants have filed a Response [Doc. 66]. For the following reasons, the plaintiffs' Motion [Doc. 65] be and hereby is **DENIED.**

There is no specific Federal Rule of Civil Procedure governing motions for reconsideration. *See Barnes v. Commerce & Indus. Ins. Co.*, No. 11-0041, 2013 U.S. Dist. LEXIS 82877, at *3 (W.D. La. Jun. 11, 2013) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (additional citation omitted)). However, federal courts have considered such motions pursuant to Rule 54(b) when the ruling is interlocutory, as it is here. *See id.* at *4.

Rule 54(b) states that

> [a]ny order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). "A district court judge has considerable discretion in determining whether relief under Rule 54(b) is warranted." *Broussard v. Chevron, U.S.A.*, No. 2:11-cv-1446,

2013 U.S. Dist. LEXIS 154608, at *6 (W.D. La. Oct. 25, 2013) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). *See also Jones v. Herlin*, No. 12-1978, 2014 U.S. Dist. LEXIS 101237, at *2 (W.D. La. Jul. 14, 2014) (citing *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-28 (5th Cir. 2012)). "The Rule 59(e) standards are particularly illustrative for assessing [a Rule 54(b) motion] because the motion clearly calls into question the correctness of [the] [c]ourt's prior ruling." *Id.* at *2-3.

Such a motion should only be granted where there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Id.* at *3 (citing *Brown v. Miss. Co-op Extension Serv.*, 89 Fed. Appx. 437, 439 (5th Cir. 2004)). However, the Fifth Circuit has stated that such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

The plaintiffs have not shown an intervening change in controlling law, the availability of new evidence, or that the court made a clear error of law or fact. There is no manifest injustice in hearing this matter in Mexico instead of Louisiana. Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion [Doc. 65] be and hereby is **DENIED.**

Lake Charles, Louisiana, this 3 day of July, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE